UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TRAYSER PROPERTIES, LLC, a Michigan limited liability company,

          Plaintiff,

v.

ROBERT BENSER, JR., an individual; BB HOLDINGS OF MACKINAC ISLAND, LLC, a Michigan limited liability company; and ORIGINAL BUILDING, LLC, a Michigan limited liability company; GREGORY E. TURNER, in his official capacity as Lieutenant Colonel of the U.S. Army Corps of Engineers; the UNITED STATES ARMY CORPS OF ENGINEERS; SUZANNE P. BRIGHT, in her official capacity as Project Manager, Army Corps of Engineers,

          Defendants.

Case No.

HON.

**VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

---

Bruce A. Courtade (P41946)
G. Will Furtado (P77848)
RHOADES McKEE PC
Attorneys for Plaintiff
55 Campau Avenue, NW, Suite 300
Grand Rapids, MI  49503
(616) 235-3500

---

## INTRODUCTION

1.    Mackinac Island, Michigan is a place of unique beauty and historical significance. In recognition of that significance, the Island, the State of Michigan, and the United States Federal Government have all taken active steps to insure that the Island's unique ecologic and cultural beauty remains intact. In particular, the waterfront of the Island contains not only dozens of

irreplaceable historic buildings, but sensitive bottomlands that are subject to rigorous regulation under both state and federal law.

2. Anthony Trayser's family has owned commercial property along the Island's waterfront for three-quarters of a century, including the historic Trading Post building located at 7347 Main Street, Mackinac Island, Michigan, 49757. The building is presently owned by Plaintiff Trayser Properties, LLC, of which Mr. Trayser is the majority owner and resident agent. Mr. Traysor resides in a second floor apartment located at the rear of the building.

3. The Benser Defendants own commercial properties located at 7363 Main Street and 7367 Main Street, Mackinac Island, Michigan, 49757, and adjacent the Trading Post building. The Benser Defendants intend to perform work within the bottomlands adjacent to their properties, including construction of an approximately 51 foot sheet pile seawall (the "Seawall"), a portion of which falls within Waters of the United States ("WOTUS") subject to the Clean Water Act ("CWA"). Under applicable law, the Benser Defendants may not disturb those bottomlands unless they first seek and obtain a permit to do so from the United States Army Corps of Engineers (the "Corps") pursuant to Section 404 of the Clean Water Act, 33 U.S.C. § 1344.

4. On August 19, 2019, the Army Corps of Engineers granted the Benser Defendants' application for a permit to construct the Seawall via a letter (the "Permit Letter"), citing Regional Permit No. 1999-2000050 (the "Regional Permit").

5. The Regional Permit relied upon by the Corps in the Permit Letter allows minor work, structures, and discharges of dredge and fill materials in WOTUS without going through the full administrative review process under the CWA, such as notice to affected property owners and public comment.

2496201_4

6. However, the Regional Permit includes limitations and conditions placed on seawall construction by the Michigan Department of Environmental Quality ("MDEQ"), including that the Regional Permit may only be utilized for maintenance or replacement of <u>existing</u> serviceable seawalls. See, Public Notice, LRE-2016-00006, "Reissuance of Nationwide Permits and Final Regional Conditions in Michigan," March 20, 2017, available at https://www.lre.usace.army.mil/Portals/69/docs/regulatory/PDFs/PN%20for%20Final%20MI%20NWP%20with%20Regional%20Conditions.pdf; and, Public Notice, LRE-1990-2000050-S16, "Reissuance of General Permit for Minor Work, Structures and Discharges of Dredged and Fill Material in Michigan," June 30, 2017, available at https://www.lre.usace.army.mil/Portals/69/docs/regulatory/PN/19902000050S16_Final%20with%20Regional%20Conditions-RMD_PN.pdf?ver=2017-07-06-110040-633.

7. The Corps' grant of authority to the Benser Defendants under the Regional Permit is a final agency action for which there is no other adequate remedy to Plaintiff and, thus, is subject to review under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 704.

8. Plaintiff brings this suit under the APA to challenge the Corps' grant of authority to the Benser Defendants under the Regional Permit for the reason that the seawall construction planned by the Benser Defendants is not for the maintenance or replacement of an existing serviceable seawall.

9. Thus, the Corps violated the CWA and basic principles of administrative law by failing to comply with the conditions imposed by MDEQ on the Regional Permit, and by failing to provide an opportunity for public comment and notice to Plaintiff as an affected property owner under the Clean Water Act. 33 CFR 325.3(a)(14); 325.3(d)(1); 325.2(d)(2).

3

10. The Benser Defendants also intend to "tie-in" their new sheet pile seawall into the existing seawall located entirely on Plaintiff's adjacent property. Because Plaintiffs' seawall is constructed approximately .5' inboard of Plaintiff's property line, this would be a clear and improper trespass onto Plaintiff's property under Michigan law, MCL 600.2919.

11. The Benser Defendants also intend to expand their existing building by approximately threefold, constructing a three-story addition mere inches from the only bedroom emergency egress window of Plaintiff's apartment, risking the safety of Plaintiff and others, and substantially interfering with Plaintiff's use and enjoyment of his property, thus constituting a nuisance under Michigan law.

12. Plaintiff has repeatedly sought assurance that the Benser Defendants would not begin construction of the Seawall without addressing the significant issues in their plans that threaten immediate and irreparable harm to Plaintiff and Plaintiff's property, but the Benser Defendants have refused to provide any such assurance.

13. Given the imminent threat of ground-breaking by the Benser Defendants, Plaintiff is entitled to immediate injunctive relief, as well as declaratory relief and monetary damages.

## JURISDICTION AND VENUE

14. Plaintiff brings this case pursuant to the laws of the United States; jurisdiction is therefore proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

15. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

16. Defendant the Army Corps of Engineers' sovereign immunity is waived under the APA, 5 U.S.C. §§ 701-706.

2496201_4

17. The Court has authority to grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-12, 5 U.S.C. §§ 705-706, and Rule 65 of the Federal Rules of Civil Procedure. This Court also has inherent authority to award injunctive relief.

18. This Court has authority to award costs and attorneys' fees under 28 U.S.C. § 2412.

19. Venue in the Northern Division of the United States District Court for the Western District of Michigan is proper pursuant to 28 U.S.C. § 1391 because the lands at issue are located within the Division (Mackinac County), and a substantial part of the events giving rise to the Plaintiff's legal claims occurred in the Division.

## PARTIES

20. Plaintiff Trayser Properties, LLC ("Trayser") is a Michigan limited liability company with a registered office address of PO Box 498, Cheboygan, Michigan, 49721. Anthony Trayser ("Anthony") is Trayser Properties, LLC's majority owner and serves as the company's resident agent.

21. Defendant Robert Benser, Jr. ("Benser") is an individual who, upon information and belief, resides at 26 Hayes Road, Gaylord, Michigan, 49735.

22. Defendant BB Holdings of Mackinac Island, LLC ("BB Holdings") is a Michigan limited liability company with a registered office address of PO Box 475, Gaylord, Michigan, 49734. Robert Benser, Jr. serves as the company's resident agent.

23. Defendant Original Building, LLC ("Original Building") is a Michigan limited liability company with a registered office address of PO Box 475, Gaylord, Michigan, 49734. Robert Benser, Jr. serves as the company's resident agent.

24. Defendants Benser, BB Holdings, and Original Building are collectively referred to herein as the "Benser Defendants."

25. The United States Army Corps of Engineers (the "Corps") is the federal agency responsible for issuing permits under CWA Section 404.

26. Lieutenant Colonel Gregory E. Turner is sued in his official capacity as Commander of the Detroit Division of the Army Corps of Engineers and is the Corps official responsible for the challenged final agency action.

27. Suzanne P. Bright is sued in her official capacity as Project Manager of the Sault. Ste. Marie Field Office of the Army Corps of Engineers and is the official who issued the challenged Permit Letter.

## COMMON ALLEGATIONS OF FACT

28. Plaintiffs hereby incorporates all preceding allegations as though fully restated herein.

**I. THE TRAYSER PROPERTIES.**

29. Plaintiff owns real property located on Mackinac Island, Michigan, with common addresses of 7347 Main Street (the "Trading Post") and 7377 Main Street ("Merchants"), Mackinac Island, Michigan, 49757.

30. The Trayser Family has owned the Trading Post, a historic building more than 100 years old, since approximately 1948, and subsequently transferred it to Trayser Properties, LLC after the company was formed in 1999.

31. Trayser Properties, LLC purchased the 7377 Main Street property ("Merchants") in approximately 2011.

32. The Trading Post and Merchants are commercial properties located in the main retail district of the Island, and several popular Island businesses operate from the properties, including Traysers Trading Post, May's Fudge, Baxter's, and Merchants of Mackinac.

2496201_4

33. In approximately 1968, the Trayser Family built a seawall along the waterfront portion of the Trading Post property, in part because of numerous flooding incidents at the property.

34. The seawall serving the Trading Post property is constructed approximately six-inches inboard of the Trading Post's southern property line.

35. Around the same time, in approximately 1968, the Trayser Family added a second floor residential apartment to the Trading Post building.

36. The Trading Post building's second floor apartment bedroom has a single window to serve as an exit in event of emergency. Because of the proximity of the Trading Post building to the building directly to the south (7367 Main Street), the exit plan requires egress onto the roof of the 7367 Main Street building, from which the ground level is then safely accessible.

**II.   THE BENSER DEFENDANTS' PROPERTIES.**

37. Robert Benser, Jr., through his companies BB Holdings and Original Building, owns real property located on Mackinac Island, with common addresses of 7363 Main Street ("Mr. B's") and 7367 Main Street ("Murdick's"), Mackinac Island, Michigan, 49757.

38. The Trading Post is directly north of and adjacent to Murdick's.

39. Merchants is directly south of and adjacent to Mr. B's.

**III.   THE BENSER DEFENDANTS SUBMIT RENDERINGS TO THE CITY OF MACKINAC IN SUMMER 2017 PROPOSING TO SIGNIFICANTLY EXPAND THEIR PROPERTIES ALONG THE WATERFRONT.**

40. Upon information and belief, in June 2017, the Benser Defendants submitted architectural renderings to the City of Mackinac Island regarding a proposed renovation and expansion of the Murdick's and Mr. B's buildings. (The "2017 Murdick's Renderings", attached as **Exhibit A**).

2496201_4

41. Per the 2017 Murdick's Renderings, as part of the Murdick's expansion project, the Benser Defendants propose to significantly redesign the existing waterfront, including by constructing an approximately fifty-foot sheet pile seawall in the bottomlands of the Murdick's and Mr. B's properties. (**Exhibit A**, p 1, Sheet C1.1).

42. The 2017 Murdick's Renderings do not identify the Army Corps of Engineers ordinary high water mark (OHWL). (**Exhibit A**).

43. Sheet C1.1 of the 2017 Murdick's Renderings identifies the existing sheet pile seawall serving the Trading Post, and shows that the Trading Post seawall is inboard of the southern property line of the Trading Post property. (**Exhibit A,** p 1, Sheet C1.1).

44. Sheets A1.1 and A1.4 of the 2017 Murdick's Renderings show Defendants' proposed seawall as attaching to the "Trading Post Seawall" – i.e., the seawall located entirely within the Trading Post property. (**Exhibit A**, Sheets A1.1 and A1.4).

**IV. THE BENSER DEFENDANTS DELIBERATELY ALTER THE BEACHFRONT BEFORE APPLYING FOR A PERMIT FROM MDEQ IN OCTOBER 2018 TO CONSTRUCT A NEW SEAWALL.**

45. On October 8, 2018, Anthony Trayser's wife, Svetlana, witnessed several people, including Defendant Benser whom Mrs. Trayser recognized, using shovels and other tools to move rocks, gravel and sand along the Murdick's and Mr. B's properties bottomlands. It appeared to Mrs. Trayser that they were moving the rocks, gravel and sand away from locations closest to the existing buildings and out more toward the waterline.

46. On October 19, 2019, Mrs. Trayser again witnessed several individuals using shovels and other tools to move rocks, gravel and sand along those bottomlands.

47. Upon information and belief, Mr. Benser and his colleagues were surreptitiously attempting to change the shoreline to make it appear that the Benser Defendants' plans to build a new seawall complied with application regulations relating to the OHWL.

8

48.     Upon information and belief, and after they physically altered the bottomlands, in October 2018, the Benser Defendants submitted a permit request to the Michigan Department of Environmental Quality ("MDEQ"), with respect to the Murdicks' and Mr. B's properties, seeking approval to build "approximately 51.33 foot of new sheet pile wall tie-in to existing North adjacent property, approximately 12.5 foot back from existing sheet pile corner and a return wall of approximately 2.33 foot on the South end approximately into corner of existing sheets at adjacent building." (MDEQ Permit Application HNH-XKPT-2R47B, **Exhibit B).**

49.     Upon information and belief, because the work proposed by the Benser Defendants' is located lakeward of the Army Corps of Engineers Ordinary High Water Line ("OHWL"), but landward of the Michigan Department of Environmental Quality OHWL ("MDEQ OHWL"), the MDEQ determined that no permit was required from MDEQ.

## V.    THE OCTOBER COMPOSITE DRAWING.

50.     Anthony Trayser believed that the Benser Defendants were planning a significant expansion of the Murdick's building in the late Summer or early Fall of 2018.

51.     Concerned that such renovations and expansion might affect the Merchants or Trading Post properties, Mr. Trayser obtained copies of the 2017 Murdick's Renderings from the City of Mackinac Island.

52.     Upon review of the Renderings, Mr. Trayser noticed that the Renderings did not identify or depict the Army Corps of Engineers' OHWL, and that several renderings appeared to show the proposed Benser seawall as attaching to the Trading Post seawall.

53.     Because of his concerns, Mr. Trayser commissioned Granger to create a "Composite Drawing" on October 16, 2018 (revised October 23, 2018, and July 21, 2019), which overlaid prior existing survey data of the bottomlands located in front of the Murdicks/Trading

9

Post buildings, including the OHWL, with portions of Defendants' 2017 Murdick's Renderings, including Defendants' proposed seawall (the "Composite Drawing"). **(Exhibit C)**.

54. The Composite Drawing shows that a portion of Defendants' proposed seawall is located lakeward of the OHWL established by the Army Corps of Engineers, as determined by Granger during the 2016 Survey**. (Exhibit C)**.

55. The Composite Drawing also confirms that the Trading Post seawall is located approximately six-inches inboard of the Trading Post property line. (**Exhibit C).**

## VI. THE BENSER DEFENDANTS HAVE A SECOND SET OF RENDERINGS PREPARED IN OCTOBER 2018.

56. Upon information and belief, in October 2018, the Benser Defendants commissioned Johnston Engineering, LLC to prepare revised architectural and engineering renderings of the proposed expansion and bottomlands work. (The "2018 Murdick's Renderings", **Exhibit D).**

57. As do the 2017 Murdick's Renderings, the 2018 Murdick's Renderings reveal that the Benser Defendants' proposed seawall would connect directly to the Trading Post building seawall located entirely within the Trading Post property. (**Exhibit D,** Sheets A1.0 and A1.1).

58. Upon information and belief, at least a portion of the Benser Defendants' proposed seawall is lakeward of the Army Corps of Engineers OHWL, thus falling within WOTUS subject to the Clean Water Act. (Composite Drawing, **Exhibit C**; 2018 Murdick's Renderings, **Exhibit D**).

## VII. THE BENSER DEFENDANTS SEEK APPROVAL OF THEIR PROPOSED SEAWALL AND THE ARMY CORPS OF ENGINEERS IMPROPERLY GRANTS APPROVAL, CITING REGIONAL PERMIT 1990-2000050

59. Upon information and belief, in the Summer of 2019, the Benser Defendants sought approval from the Corps to perform work in the bottomlands as part of their proposed expansion and renovation of the Murdicks and Ms. B's buildings and waterfront.

60. Approval from the Corps is necessary for such work because a portion of the Benser Defendants' proposed seawall falls within or would affect WOTUS and, therefore, is subject to the CWA.

61. Upon information and belief, the Benser Defendants provided the Corps with copies of the 2018 Murdick's Renderings.

62. On August 19, 2019, the Corps authorized the Benser Defendants' proposed project, including construction of the seawall, citing "Regional Permit No. 1990-200050, reissue on June 30, 2017, under authority of Section 10 of the 1899 Rivers and Harbors Act and Section 404 of the 1977 Clean Water Act." (Permit Letter, August 19, 2019, **Exhibit E**).

63. As a result of the Corps' reliance on Regional Permit No. 1990-2000050, no public comment period for the project occurred, and Trayser was not provided notice as an adjacent property owner as he was otherwise entitled under the Clean Water Act. 33 C.F.R. § 325.3(a).

64. Upon information and belief, the Benser Defendants intend to break ground imminently, as earth moving and other construction equipment has been seen at the proposed project site and demotion of the Mr. B's building has already been substantially completed.

## FEDERAL STATUTORY FRAMEWORK

### I. THE CLEAN WATER ACT.

65. Section 404 of the CWA authorizes the Corps to issue federal permits for activities governed by the Clean Water Act (a "404 permit").

11

66. Before it can issue a 404 permit, however, the Corps must comply with its own regulations, see 33 C.F.R. § 325, as well as other guidelines imposing procedural and substantive restrictions on the Corps' authority to grant 404 permits.

67. In particular, the Corps must provide the public and adjacent property owners with notice and an opportunity to comment on the proposed regulated activity. 33 C.F.R. § 325.3(a).

68. Regional Permit No. 1990-2000050 is a blanket permit issued under authority of Section 404 of the CWA and which permits certain categories of activities with minimal impacts to proceed without the full administrative review, including public comment and notice, typically provided by the Clean Water Act.

69. The Regional Permit includes limitations and conditions placed on seawall construction by the Michigan Department of Environmental Quality ("MDEQ"), including that the Regional Permit may only be utilized for "maintenance or replacement of *existing serviceable seawalls*." See, Public Notice, LRE-2016-00006, "Reissuance of Nationwide Permits and Final Regional Conditions in Michigan," March 20, 2017, available at https://www.lre.usace.army.mil/Portals/69/docs/regulatory/PDFs/PN%20for%20Final%20MI%20NWP%20with%20Regional%20Conditions.pdf; and, Public Notice, LRE-1990-2000050-S16, "Reissuance of General Permit for Minor Work, Structures and Discharges of Dredged and Fill Material in Michigan," June 30, 2017, available at https://www.lre.usace.army.mil/Portals/69/docs/regulatory/PN/19902000050S16_Final%20with%20Regional%20Conditions-RMD_PN.pdf?ver=2017-07-06-110040-633. (Emphasis added).

## II. THE ADMINISTRATIVE PROCEDURES ACT.

70. The APA confers a right of judicial review on any person adversely affected by final agency action, and provides for a waiver of the federal government's sovereign immunity. 5 U.S.C. §§ 701-06.

2496201_4

71. Upon review of agency action, the court shall "hold unlawful and set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law . . ., without observance of procedure required by law, [or] unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court." Id. § 706(2).

### COUNT I - DECLARATORY RELIEF

72. Plaintiff hereby incorporates all preceding allegations as though fully restated herein.

73. The facts and circumstances of this case present an actual controversy regarding the legal rights and duties of the Parties.

74. The Parties' rights and duties can only be determined by a declaratory judgment.

75. Plaintiff's request for declaratory relief is therefore proper pursuant to 28 U.S. Code § 2201.

    **A. ORDER THAT THE ARMY CORPS OF ENGINEERS' PERMIT LETTER WAS IMPROPERLY GRANTED TO THE BENSER DEFENDANTS PURSUANT TO REGIONAL PERMIT NO. 1990-2000050 IS IMPROPER.**

76. Per the August 19, 2019 Letter, the Army Corps of Engineers purports to grant the Benser Defendants authority to perform work pursuant to Regional Permit 1990-2000050 (the "Regional Permit") that would otherwise be subject to full administrative review and public notice and comment under the CWA.

77. The Corps' grant of authority to the Benser Defendants pursuant to the Permit Letter is a final agency action for which there is no other adequate remedy and, thus, is subject to review under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 704.

13

78. The Benser Defendants do not intend to maintain or replace an existing seawall, but to construct an entirely new seawall. (See, 2017 Murdicks' Renderings, **Exhibit A**; Benser Defendants MDEQ Application, **Exhibit B;** and, 2018 Murdick's Renderings, **Exhibit D).**

79. Because the Benser Defendants do not intend to maintain or replace an existing seawall, the Corps' grant of authority under Regional Permit No. 1990-2000050 was improper, not in accordance with the law, without observance of procedure required by law, and unwarranted by the facts.

80. Trayser, as an adjacent property owner, has been adversely affected by the Corps' grant of authority and is an affected person under the APA.

WHEREFORE, Plaintiff is entitled to a declaratory ruling that the Army Corps of Engineers grant of authority to the Benser Defendants was contrary to law, without authority and not supported by competent facts.

**B.  ORDER THAT DEFENDANTS' PROPOSED SEAWALL IS A TRESPASS UNDER MICHIGAN LAW.**

81. Sheets A1.1 and A1.4 of the 2017 Murdick's Renderings, and Sheets A1.0 and A1.1 of the 2018 Murdick's Renderings, show the Benser Defendants' proposed seawall as connecting to the seawall serving the Trading Post property. (**Exhibit D**).

82. The Benser Defendants' MDEQ Application expressly states that the proposed seawall will "tie-in" to the existing adjacent seawall to the North, i.e., the Trading Post building seawall. (**Exhibit B**).

83. The seawall serving the Trading Post property is located entirely within the Trading Post property's boundaries. (Composite Drawing**, Exhibit C).**

84. Therefore, any seawall constructed by the Benser Defendants that connects to the seawall serving the Trading Post property must necessarily extend into and onto the Trading Post property.

85. Trayser has not authorized the Benser Defendants to enter onto the Trading Post property to connect the proposed seawall.

86. Defendants' unauthorized entry onto Trayser's property is a trespass pursuant to Michigan law, the threat of which entitles Trayser to injunctive relief and damages. See MCL 600.2919.

WHEREFORE, Plaintiff is entitled to a declaratory ruling that Defendants' proposed seawall is an illegal trespass under Michigan Law.

### COUNT II – TRESPASS

87. Plaintiff hereby incorporates all preceding allegations as though fully restated herein.

88. The 2017 and 2018 Murdick's Renderings show the Benser Defendants' proposed seawall as connecting to the seawall serving the Trading Post property. (**Exhibit D**).

89. The Benser Defendants' MDEQ Application expressly states that the proposed seawall will "tie-in" to the existing adjacent seawall to the North, i.e., the Trading Post property seawall. (**Exhibit B**).

90. The seawall serving the Trading Post property is located entirely within that property's boundaries. (Composite Drawing, **Exhibit C**).

91. Therefore, any seawall constructed by Defendants that connects to the seawall serving the Trading Post property must necessarily extend into and onto the Trading Post property.

92. Trayser has not authorized Defendants to enter onto the Trading Post property to connect the proposed seawall.

15

2496201_4

93. Defendants' unauthorized entry onto Traysers' property is a trespass.

WHEREFORE, Plaintiff requests this Court enter a judgment against the Benser Defendants and award attorney fees and costs, prejudgment interest and all other relief as this Court deems just and proper.

## COUNT III – PRIVATE NUISANCE

94. Plaintiff hereby incorporates all preceding allegations as though fully restated herein.

95. The 2018 Murdick's Renderings also reveal the Benser Defendants' intention to roughly triple the size of the historic Murdick's building by constructing a three-story "Building Addition" mere inches from the Trading Post Property. (**Exhibit D**).

96. Construction of the Building Addition in the manner proposed in the 2018 Murdick's Renderings would severely and significantly interfere with Plaintiff's use and enjoyment of his property, not only eliminating existing sightlines, but posing a serious threat to the safety of any tenant of the second floor apartment bedroom because there would no longer be a readily available manner of emergency egress.

97. Therefore, the proposed Benser Building Addition constitutes a nuisance under Michigan law.

WHEREFORE, Plaintiff requests this Court enter a judgment against the Benser Defendants and award attorney fees and costs, prejudgment interest and all other relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Declare that the Army Corps of Engineers violated the CWA and their implementing regulations;

2496201_4

B. Set aside and vacate the Corps' August 19, 2019 Permit Letter to the Benser Defendants and grant of authority pursuant to the Permit Letter;

C. Issue an injunction barring the Army Corps of Engineers from approving any of the Benser Defendants' activities pursuant to Section 404 or the Regional Permit, unless and until the Corps complies with the CWA and their implementing regulations;

D. Issue an injunction barring the Benser Defendants from proceeding with any work within WOTUS until the Benser Defendants and the Corps comply with the CWA and applicable regulations;

E. Issue an injunction barring the Benser Defendants from engaging in any activities that would constitute a trespass onto Plaintiff's property, including but not limited to construction of the proposed seawall attaching to Plaintiff's property;

F. Issue an injunction barring the Benser Defendants from engaging in any activities that would constitute a nuisance to Plaintiff, including but not limited to construction of the proposed Building Addition;

G. Award Plaintiff its reasonable fees, costs and expenses, including attorneys' fees, pursuant to 28 U.S.C. § 2412(d); and

H. Grant Plaintiff any other additional relief as the Court deems just and proper.

Dated:  June 1, 2020                                           RHOADES McKEE PC
                                                               Attorneys for Plaintiff


                                                               By:/s/ Bruce A. Courtade
                                                                   Bruce A. Courtade (P41946)
                                                                   G. Will Furtado (P77848)
                                                               Business Address:
                                                                   55 Campau Avenue, N.W., Suite 300
                                                                   Grand Rapids, MI 49503
                                                                   Telephone:  (616) 235-3500

2496201_4

## STATEMENT OF VERIFICATION

I declare under penalties of perjury that the factual statements set forth in the foregoing complaint are true and correct to the best of my knowledge, information and belief.

Trayser Properties, LLC

By: Anthony Trayser
Its: Member and Resident Agent

State of Michigan )
)
County of Muskegon )

On May 29, 2020, before me, a Notary Public, in and for this County, came Anthony Trayser in his capacity as Member and Resident Agent for Trayser Properties, LLC, and known to me to be the individual described in an who executed the above document, and acknowledged that he executed the same as his free act and deed.

Dawn Lieffers, Notary Public
Acting in the County of Muskegon
Authorized in the County of Muskegon
My commission expires 02/02/2022
Notarized using electronic/remote technology